**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GUANGZHONG ZHAO,

Petitioner,

v.

JAMES JANECHA, ETC., ET AL.,

Respondents.

No. ED CV 26-5025-E

ORDER FOR ENTRY OF JUDGMENT

**BACKGROUND AND PROCEEDINGS**

Petitioner, a native of China, entered the United States on a B-2 visitor visa on May 30, 2022. Although the visa later expired, Petitioner has remained continuously in the United States since his 2022 entry.

Petitioner applied for asylum in 2022. He then received a social security number and an employment authorization. For the next several years, Petitioner worked, lived at the same address and built a substantial life in the United States. During all this time, Petitioner remained at liberty. Petitioner has no criminal convictions. His asylum application remains pending.

///

On August 3, 2026, agents of Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner without any prior notice and without any prior or contemporaneous opportunity to be heard. Petitioner has remained in detention ever since. Removal proceedings are pending.

After three weeks in detention, Petitioner received a bond hearing before an immigration judge. The written order of the immigration judge, dated August 27, 2026, states only that "Respondent [here Petitioner] did not meet his burden to establish that he is not such a significant risk of flight that no amount of bond or alternatives to detention would be sufficient to mitigate it" (ECF Doc. 1-2, p. 2).

Petitioner filed a "Petition for Writ of Habeas Corpus, etc." ("the Petition") on August 31, 2026. Respondents filed "Respondents' Return, etc." on September 8, 2026. Petitioner filed a Reply on September 9, 2026.

**SUMMARY OF PARTIES' CONTENTIONS**

Petitioner contends, inter alia, that his arrest and detention violated due process. Respondents deny any illegality, contend that the immigration judge's order precludes habeas relief and also argue that Petitioner has failed to exhaust administrative remedies requisite to habeas relief.

**DISCUSSION**

The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from

illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. § 2241(c)(3). Although this Court would have no jurisdiction to review a challenge to a final order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate Petitioner's challenge to his detention. See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct. 830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025).

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews").

In the present case, Petitioner overstayed his visa, but immigration authorities elected not to detain Petitioner at that time. To the contrary, Petitioner received a social security number, a work authorization, and built a substantial life in the United States for the next several years while his asylum application remained pending. An alien in such circumstances possesses a constitutionally protected liberty interest in remaining undetained. See, e.g., Tu v. Janecha, CV 26-4343-ACCV (C.D. Cal. Sept. 8, 2026); Tello Vazquez v. Mullin, 2026 WL 1911507 (W.D. Wash. July 2, 2026); Wu v. Chestnut, 2026 WL 1906294 (E.D. Cal. July 1, 2026); Grigoryan v. Lyons, 2026 WL 2032230 (C.D. Cal. June 16, 2026); Kharitonova v. Albarran, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026); but see Jesus v. Santacruz, 2026 WL 1947628 (C.D. Cal. July 2, 2026).

///

///

This conclusion follows from logic as well as from case law. Case law is now legion that an alien previously detained by immigration authorities but released on conditions has a constitutionally protected liberty interest that can be violated by re-detention. See, e.g., Tenemasa-Lema v. Hyde, 2025 WL 3280555, at *8-11 (D. Mass. Nov. 25, 2025); Im v. Semaia, 2025 WL 4474995, at *3-8 (C.D. Cal. Oct. 30, 2025); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *10-14; accord Pinchi v. Noem, 813 F. Supp. 3d at 1035-36; Fernandez Lopez v. Wofford, 2025 WL 2959319, at *4-5 (E.D. Cal. Oct. 17, 2025); Noori v. Larose, 2025 WL 2800149, at *4, 9-10 (S.D. Cal. Oct. 1, 2025); cf. Hurd v. District of Columbia, 864 F.3d 671, 683 (D.C. App. 2017) ("the Supreme Court has repeatedly held that in at least some circumstances, a person who is in fact free of physical confinement - even if that freedom is lawfully revocable - has a liberty interest that entitles him to constitutional due process before he is re-incarcerated"). For constitutional purposes, there should be no material difference between an alien previously released from detention by immigration authorities and an alien whom immigration authorities previously chose not to detain. As aptly stated by the United States District Court for the Northern District of California:

> The government's insistence Petitioner lacks a liberty interest because it never before sought to detain her is specious. . . . Although the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained. *See Barco Mercado v. Francis, No. 25-CV-6582(LAK),* ____ F. Supp. 3d ________, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (attaching appendix identifying "350 [ ] cases decided by over 160 different judges sitting in about 50 different courts spread across the United States" "overwhelmingly" finding individuals detained and then released had a vested liberty interest). The government's position Petitioner does not have the same liberty interest is unsupported by any legal authority.

Kharitonova v. Albarran, 2026 WL 531441 at *2. Indeed, even when immigration authorities are unaware of an alien's presence within the United States (unlike here), the alien can develop a constitutionally protected liberty interest by building a substantial life in this country over a period of many years. See, e.g., Ramirez-Serna v. Mullin, 2026 WL 1514337, at *6-7 (C.D. Cal. May 28, 2026).

In the present case, Petitioner's arrest and detention violated his due process rights. As reflected in case law evaluating legally indistinguishable circumstances, all three of the Mathews factors strongly militate toward this conclusion. See, e.g., Tu v. Janecha, CV 26-4343-ACCV (C.D. Cal. Sept. 8, 2026) (and cases cited therein); Tello Vazquez v. Mullin, 2026 WL 1911507, at *2-3 (and cases cited therein); Wu v. Chestnut, 2026 WL 1906294, at *2 (and cases cited therein); Grigoryan v. Lyons, 2026 WL 2032230, at *1-2 (and cases cited therein); Kharitonova v. Albarran, 2026 WL 531441, at *3 (and cases cited therein).

Contrary to Respondents' contention, the belated bond hearing did not remedy the violation of due process Petitioner suffered. See, e.g., Tello Vazquez v. Mullin, 2026 WL 1911507, at *3; Mumaev v. Semaia, 2026 WL 530765, at *6 (C.D. Cal. Feb. 20, 2026) (immigration judge's post-detention decision to deny bond cannot support continued detention where the underlying arrest and detention violated the petitioner's due process rights); accord Ghulyan v. Semaia, 2026 WL 788213 (C.D. Cal. March 20, 2026); E.A.T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025); see also Moctezuma v. Henkey, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (collecting cases and noting respondents' "refusal to abandon their unlawful policy").

Moreover, the immigration judge's August 27, 2026 order is infirm on its face. The order reflects that the immigration judge placed the burden of proof on Petitioner rather than on the Government. Under the present circumstances, the Government should have the burden to prove by clear and convincing evidence that Petitioner is an unacceptable danger

to the community or an unacceptable risk of flight. See Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) ("Martinez v. Clark"); Aslan v. Semaia, 2026 WL 1722902, at *4 (C.D. Cal. June 11, 2026) (and cases cited therein).

Even apart from the issue of the burden of proof, the August 27, 2026 order cannot withstand scrutiny. In Martinez v. Clark, the Ninth Circuit held that a district court reviews an immigration judge's dangerousness finding under an "abuse of discretion" standard. See id. at 784. Under the rationale of Martinez v. Clark, district courts also review immigration judges' flight risk findings under an "abuse of discretion" standard. See, e.g., Zaitsev v. Warden, 2026 WL 391429 (C.D. Cal. Feb. 9, 2026). Here, the immigration judge's cryptic written findings were purely conclusory, wholly unexplained and seemingly inexplicable in light of the information proffered by Petitioner. Although the "abuse of discretion" standard is deferential, discretion was here abused.

The proper remedy is to require Petitioner's release on reasonable conditions and to restrain Respondents from re-detaining Petitioner in violation of his due process rights. See, e.g., Tello Vazquez v. Mullin, 2026 WL 1911507, at *4; Wu v. Chestnut, 2026 WL 1906294, at *2-3; Grigoryan v. Lyons, 2026 WL 2032230, at *2; see also Ramirez-Serna v. Mullin, 2026 WL 1514337, at *7 (C.D. Cal. May 28, 2026); Domingo v. Kaiser, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025).

Finally, the Court rejects Respondents' argument that the Court must deny the Petition based on Petitioner's asserted failure to exhaust administrative remedies. The exhaustion requirement is prudential, not jurisdictional. See Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018). Petitioner should not be required to forestall seeking this Court's assistance until after the completion of administrative proceedings. The present Petition claims a deprivation of constitutional due process, a claim not within the jurisdiction of the

immigration judge or the Board of Immigration Appeals. "An exception to the exhaustion requirement has been carved for constitutional challenges to . . . [immigration procedures]." Sola v. Holder, 720 F.3d 1134, 1135 (9th Cir. 2013) (citations and quotations omitted). Moreover, requiring Petitioner to remain detained could cause irreparable harm. See Rodriguez v. Robbins, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (irreparable harm in continued detention of aliens under certain circumstances); see also Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (prudential exhaustion requirement may be waived where administrative remedies "are inadequate or not efficacious" or where "irreparable injury will result").

## CONCLUSION

For all of the foregoing reasons, it is ordered that Judgment be entered granting the Petition in part and: (a) ordering Respondents to release Petitioner (A# 240-799-846) from detention immediately, subject to reasonable conditions; (b) declaring that Petitioner's detention violated Petitioner's due process rights; and (c) enjoining Respondents from any further detention of Petitioner absent at least seven (7) days notice and a pre-deprivation bond hearing before a neutral decisionmaker at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is an unacceptable danger to the community or an unacceptable flight risk.[1]

DATED: September 9, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

[1] Petitioner has failed to justify any different or additional form of habeas relief.